Chief Justice Robertson
delivered the Opinion of the Court.
A judgment of the Circuit Court, in favor of- the Bank of the Commonwealth against the present appellants, having been affirmed by this Court, with damages, and an execution thereon having been replevied, they sued out a writ of error coram vobis, with a supersedeas, and assigned for error—first, that, when the suit.v as instituted, and when the judgment was rendered in this Court, and in the Circuit Court, and when the execution was issued, there were no such persons, in law or in fact, as the “ President and Directors of the Bank of the Common-, wealth;” second—that they had no valid authority to sue in their corporate character, and, third—that the charter of the said Bank is unconstitutional.
The Circuit Court having quashed the writ, the plaintiffs appealed to this Court, and we are now asked to decide that the appeal is prosecuted altogether for delay, and therefore to affirm the judgment.
The second and third errors assigned upon the writ of error coram vobis, being matters of law, of which this Court has judicial knowledge, which, according to former decisions, is against the assumption of the. appellants, and those errors, moreover, being concluded by the judgment of affirmance, rendered prior to the issuing of the writ, there can be no doubt that, so far as those two assignments may be concerned, the writ wquld not lie and might, therefore, have been properly quashed.
The first and only other assignment of error, if it should be understood as embracing error of law and of fact, was, radically defective, and the writ might, on that ground, have been quashed. And if, as we are in- *493 dined to understand its constructive import and legal effect, it contain matter of law only, then, as it embraces, as well judgments which cannot be thus assailed, as the execution, which might be, if the law be as assumed, it was therefore quashable; and it was liable to quashal because also, the law, as assumed in the assignment, is inconsistent with the established doctrine of this Court, and therefore the deduction in the assignment, must be considered as judicially appearing tq he false.
We are, therefore, of the opinion, not only that the judgment of quashal was right, but that this should bp deemed a clear case pf delay; and therefore, the judgment appealed from is affirmed, upon this submission qf the case as one of delay.